UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

STATE FARM MUTUAL AUTOMOBILE                                    Plaintiffs
INSURANCE COMPANY, ET AL.,

v.                                                    Civil Action No. 3:20-cv-819-RGJ

INJURY CARE CHIROPRACTIC, LLC, ET                              Defendants
AL.,

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

Defendants, Injury Care Chiropractic, LLC and G. Harold Byers, Jr., D.C.[1] (collectively "Injury Care"), move to dismiss Plaintiffs State Farm Mutual Automobile Insurance Company's and State Farm Fire and Casualty Company's (collectively "State Farm") Amended Complaint under Fed. R. Civ. P. 12(b)(6). [DE 23].[2]  The matter is ripe and fully briefed. [DE 24, DE 25]. For the reasons below, the Motion to Dismiss [DE 23] is **GRANTED in part** and **DENIED in part** as set forth below.

## I.    BACKGROUND

State Farm sues Injury Care for claims of common law fraud, unjust enrichment, intentional misrepresentation in violation of KRS 304.39-210(4), and for a declaratory judgment under 28 U.S.C. 2201 and 2202. [DE 1]. State Farm seeks judgment against Injury Care for monetary damages of at least $900,000. [DE 22 at 839]. Injury Care moved to dismiss State Farm's complaint under Fed. R. Civ. P. 12(b)(6). [DE 21].  State Farm then filed an Amended Complaint

---

[1] Defendants filed a suggestion of death, stating that Defendant Byers died on July 27, 2021. [DE 27]. A motion for substitution under Fed. R. Civ. P. 25 has not been filed, but the 90-day deadline for such a motion has not yet expired.

[2] Defendants' previous motion to dismiss [DE 21] will be denied as moot because State Farms amended its complaint as a matter of course and State Farms' amended complaint is now the operative pleading. *Gateway KGMP Dev., Inc. v. Tecumseh Prods. (In re Refrigerant Compressors Antitrust Litig.)*, 731 F.3d 586, 589 (6th Cir. 2013) ("An amended complaint supersedes an earlier complaint for all purposes.").

as a matter of course under Fed. R. Civ. P 15(a)(1)(B) adding several pages of allegations and asserting the same claims of common law fraud, unjust enrichment, intentional misrepresentation in violation of KRS 304.39-210(4), and for a declaratory judgment under 28 U.S.C. 2201 and 2202. [DE 22]. Injury Care moved to dismiss State Farm's Amended Complaint. [DE 23].

> State Farm's alleges that Injury Care engaged in
>
> a fraudulent scheme by [Injury Care] to obtain money from [State Farm] by submitting, or causing to be submitted, bills and supporting documentation for chiropractic and therapeutic services purportedly provided to individuals ("patients") who have been involved in automobile accidents and are eligible for Personal Injury Protection ("PIP") benefits under State Farm Mutual and State Farm Fire insurance policies, when, in fact, the services were not rendered because they were medically necessary.

[DE 22 at 815]. State Farm alleges that "the services were rendered pursuant to a predetermined treatment protocol (the "Predetermined Protocol") that is designed and carried out to enrich Defendants by exploiting the patients' eligibility for PIP benefits and not to address the unique circumstances and needs of any individual patient." [DE 22 at 815]. State Farm asserts the Predetermined Protocol enables Injury Care "to exploit and collect the patients' available PIP benefits," rather than "legitimately examine, diagnose and treat patients." [DE 22 at 817]. State Farm also alleges the "scheme began at least as early as 2016, and has continued uninterrupted since that time . . ." [DE 22 at 817].    Paragraphs ¶¶ 38, 41 and 54, of the Amended Complaint allege three examples in which State Farm alleges "[Injury Care's patients are not legitimately evaluated or treated for their unique conditions and needs. Instead, they are subjected to the Predetermined Protocol . . ." [DE 22].

2

## II.    DISCUSSION

### B.    Motion to Dismiss

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Tackett*, 561 F.3d at 488 (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed . . . if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64).

Federal Rule of Civil Procedure 9(b) requires plaintiffs to plead fraud allegations with particularity. Fed. R. Civ. P. 9(b); *see also United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 641 (6th Cir. 2003). Rule 9(b) requires a plaintiff to state at a the "who, what, when, where, and how" of the alleged fraud. *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006). At a minimum, plaintiffs must allege: (1) the time, place, and content of any allegedly false representations; (2) the fraudulent scheme; (3) the defendant's fraudulent intent; and (4) the resulting injury. *Id.* at 643 (internal quotation marks and citations omitted). "And while mental states may be alleged generally . . . the allegations must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made." *Republic Bank & Tr. Co. v. Bear, Stearns & Co.*, 707 F. Supp. 2d 702, 707 (W.D. Ky. 2010), *aff'd*, 683 F.3d 239 (6th Cir. 2012) (internal quotation marks and citations omitted "Generalized and conclusory allegations that the Defendant['s] conduct was fraudulent do not satisfy Rule 9(b)." *Bovee v. Coopers & Lybrand C.P.A.,* 272 F.3d 356, 361 (6th Cir. 2001). The purpose of Rule 9(b)'s heightened pleading requirement is to "give notice to defendants of the plaintiffs' claim, to protect defendants whose reputation may be harmed by meritless claims of fraud, to discourage 'strike suits,' and to prevent the filing of suits that simply hope to uncover relevant information during discovery." *Critical Care Specialists, Inc. v. Fukuda Denshi Co.*, 2009 WL 2913888, at *1 (W.D. Ky. Sept. 9, 2009), citing *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 194 (1st Cir. 1996).

"Rule 9(b)'s particularity requirement does not mute the general principles set out in Rule 8; rather, the two rules must be read in harmony." *Michaels Bldg. Co. v. Ameritrust Co.*, 848 F.2d 674, 679 (6th Cir. 1988). The Sixth Circuit's "liberal reading" of Rule 9(b) stems from the "influence of Rule 8." *Terrell v. Tecsec, Inc.*, No. 06-310, 2007 WL 2670047, at *7 (E.D. Ky.

Sept. 7, 2007); *see also United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 503 (6th Cir. 2007) ("Rule 9(b) is not to be read in isolation, but is to be interpreted in conjunction with Federal Rule of Civil Procedure 8."). And "[c]ourts have held that [Rule 9(b)] may be relaxed where information is only within the opposing party's knowledge." *Michaels*, 848 F.2d at 680 (citations omitted) (collecting cases). This is particularly true when there has been no discovery. *Id.*

Generally, "matters outside of the pleadings are not to be considered by a court in ruling on a . . . motion to dismiss." *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). That said, the Court may "consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Ashland, Inc. v. Oppenheimer & Co.*, 648 F.3d 461, 467 (6th Cir. 2011) (internal quotation marks and citation omitted). The Court may also consider "exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

### B. Analysis

1. Plausibility

Injury Care argues that State Farm's fraud claim is not plausible and must be dismissed. Because State Farm's other claims are premised on its fraud claim, they too should be dismissed for lack of plausibility. [DE 23-1 at 962]. Injury Care primarily argues that the examples of the alleged fraud in paragraphs ¶¶ 38, 41 and 54 of the Amended Complaint are false based on the documents attached as exhibits to the Amended Complaint. [DE 23-1 at 953]. Injury Care raises several issues of fact on the plausibility of State Farm's claims as it relates to the examples in State

Farm's Amended Complaint. [DE 23 at ].  But disputes over issues of fact cannot be resolved at this stage of the case on a motion to dismiss. This "Court cannot resolve factual disputes when determining whether [claims] survive a motion to dismiss." *Mountain Motorsports Paving & Constr. LLC v. Yamaha Motor Corp., U.S.A.*, No. CV 14-76-ART, 2015 U.S. Dist. LEXIS 192817, at *2, 2015 WL 12978827, at *1 (E.D. Ky. Mar. 16, 2015). Injury Care also asks the Court to take judicial notice of information outside the pleadings. The Court declines to do so at this stage of the case and convert the motion to dismiss into a motion for summary judgment.

The Court has reviewed the Amended Complaint and its attachments. The Amended Complaint describes in sufficient detail a scheme by Injury Care to defraud State Farm Care by "exploit[ing] and collect[ing] the patients' available PIP benefits," rather than "legitimately examin[ing], diagnos[ing] and treat[ing] patients." The Complaint places Injury Care on notice of the specific misrepresentations they are alleged to have made and that the scheme began in 2016 and continues presently. The Amended Complaint outlines detailed patient examples in paragraphs 38, 41, 47, 48 and 54. [DE 22].   State Farm attaches spreadsheets summarizing the content of the medical and billing records containing each specific alleged misrepresentation. [DE 22-2, 22-3 and 22-7 through 22-11]. The patterns alleged and supporting statistics alleged support State Farm's allegations. The Amended Complaint also attaches exercise records and a summary of billing for 65 patients after they reached maximum medical improvement to support the allegations of fraud. [DE 22, ¶¶ 43-50]. In short, the allegations in the Amended Complaint, along its attachments, taken as true and viewed in a light most favorable to State Farm, put Injury Care on notice of the conduct underlying Plaintiffs' allegations. Given the factual arguments presented in Injury Care's motion to dismiss, it "obviously understand[s] the claims stated and can respond to them adequately."

*United States v. Lexington Foot & Ankle II*, 2019 U.S. Dist. LEXIS 95126, at *16, 2019 WL 2396558, at *6 (E.D. Ky. June 6, 2019) .

The Court thus denies Injury Care's motion to dismiss on the basis of failure to plausibility plead the claims in the Amended Complaint. Thus, State Farm's Complaint satisfies the pleading requirements of Rules 8 and 9(b). Because Injury Care's motion to dismiss for failure to plausibly plead the remaining claims rested solely on Injury Care's arguments related to the fraud claim, the Court need not address the plausibility of the remaining claims and Injury Care's motion to dismiss is denied as to that basis as well.

### 2.   Preemption under Kentucky's Motor Vehicle Reparations Act

In Count III of the Amended Complaint, State Farm claims Intentional Misrepresentation under Kentucky's Motor Vehicle Reparations Act ("MVRA"), specifically KRS 340.39-210(4). [DE 22 at 836-37]. Injury Care argues that this claim is State Farm's exclusive remedy under Kentucky's MVRA and State Farm's claims for common law fraud, unjust enrichment, and declaratory judgment must be dismissed. Injury Care argues that under *Foster v. Kentucky Farm Bureau Mut. Ins. Co*., 189 S.W.3d 553 (Ky. 2006), Kentucky courts have held "that the MVRA is the exclusive civil remedy available to litigants seeking damages arising out of the payment of reparations benefits." [ECF 23-1 at 963].

*Foster* involved an insured suing her insurer for failing to pay her wage loss claim under her Basic Reparations Benefit ("BRB") insurance coverage. 189 S.W.3d 553. The trial court dismissed the insured's bad faith claim against her insurer and the insured appealed. *Id*. The Kentucky Supreme Court held that the MVRA "provides an exclusive remedy where an insurance company wrongfully delays or denies payment of no-fault benefits." *Id.* The Kentucky Supreme Court cited the rule from *Grzyb v. Evans*, 700 S.W.2d 399 (Ky. 1985), that "where a statute both

declares the unlawful act and specifies the civil remedy available, the aggrieved party is limited to the remedy provided by the statute. General damages are not available when a specific remedy is provided such as in this case." *Id*. Thus the Kentucky Supreme Court ruled that because Kentucky's MVRA "provides for the penalties to which insurers are subjected if they fail to properly pay no-fault benefits," the trial court had properly dismissed the insured's claims for punitive damages under bad faith. *Id*. *Foster* did not involve an action brought, as here, by a no-fault insurer against a provider who allegedly fraudulently billed for medical expenses, but the same test and rules from *Foster* and *Grzyb* can be applied.

Kentucky's MVRA, KRS 304.39-210(3) and KRS 304.39-220(1), identifies the penalties, interest, and attorney fees, that insureds can recover against their insurers for unpaid benefits. Thus it does provide the exclusive remedy where an insurance company wrongfully delays or denies payment for no-fault benefits. *See Foster*, 189 S.W.3d 553. Likewise, in the next subsection, KRS 304.39-219(4) states that a reparation obligor, like State Farm, "may bring an action to recover benefits which are not payable, but are in fact paid." That section of the statute states:

> A reparation obligor may bring an action *to recover benefits* which are not payable, but are in fact paid, because of an intentional misrepresentation of a material fact, upon which the reparation obligor relies, by the insured or by a person providing an item of medical expense. The action may be brought only against the person providing the item of medical expense, unless the insured has intentionally misrepresented the facts or knows of the misrepresentation. *An insurer may offset amounts he is entitled to recover from the insured under this subsection against any basic or added reparation benefits otherwise due*.

KRS 340.39-210(4) (emphasis added). This statute provides that State Farm may bring an action to recover benefits paid because of an intentional misrepresentation of material fact (the unlawful act). This action can be brought "only against the person providing the item of medical expense, unless the insured has intentionally misrepresented facts or knows of the misrepresentation."

State Farm argues that this statute does not provide the civil remedy available to State Farm against the person providing the item of medical expense. The Court disagrees. The plain language of the statute expressly states that State Farm may "recover benefits which are not payable, but are in fact paid," and that State Farm "may offset amounts he is entitled to recover from the insured under this subsection against any basic or added reparation benefits otherwise due." This is the remedy specified by the statute for the action also made unlawful by the statute. Under Kentucky law, "where a statute both declares the unlawful act and specifies the civil remedy available, the aggrieved party is limited to the remedy provided by the statute. General damages are not available when a specific remedy is provided such as in this case." *Grzyb*, 700 S.W.2d at 401. That the statute does not provide that State Farm may recover penalties or attorney's fees in this situation does not mean that the statute does not, by its plain language, specify the remedy. State Farm argues that this is an absurd result. But the legislature includes penalties in KRS 304.39-210(3) and included attorney's fees in KRS 304.39-220. Had the legislature intended State Farm to recover penalties and attorney's fees it would have said so. Because State Farm's remedy is specified in KRS 304.39-210(4), State Farm's claims for common law fraud, unjust enrichment, and declaratory judgment must be dismissed and Injury Care's motion to dismiss is granted in part on this basis. State Farm may proceed with Count III of the Amended Complaint for Intentional Misrepresentation under KRS 340.39-210(4) [DE 22 at 836-37].

### III.    CONCLUSION

For the reasons above, the Court **ORDERS** as follows:

1.   Defendants, Injury Care Chiropractic, LLC and G. Harold Byers, Jr., D.C.'s

    Motion to Dismiss [DE 21] Plaintiffs State Farm Mutual Automobile Insurance

Company's and State Farm Fire and Casualty Company's Complaint is **DENIED AS MOOT**;

2. Defendants, Injury Care Chiropractic, LLC and G. Harold Byers, Jr., D.C.'s Motion to Dismiss Plaintiffs State Farm Mutual Automobile Insurance Company's and State Farm Fire and Casualty Company's Amended Complaint **is GRANTED in part** and **DENIED in part as set forth above**;

3. The Court will issue a separate litigation planning order pursuant to Fed. R. Civ. P. 16 and 26.

Rebecca Grady Jennings, District Judge
United States District Court

September 28, 2021

10